```
McGREGOR W. SCOTT
United States Attorney
KATHLEEN A. SERVATIUS
Assistant U.S. Attorney
4401 Federal Building
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:07-CR-00192-AWI |
| ) | |
| Plaintiff, ) | APPLICATION FOR ORDER REGARDING |
| ) | CRIMINAL FORFEITURE OF PROPERTY |
| v. ) | IN GOVERNMENT CUSTODY - 18 U.S.C. |
| ) | § 983(a)(3)(B)(ii)(II) |
| DAVID CHAVEZ SR., ) | |
| DAVID CHAVEZ JR., ) | |
| JOHN WAYNE WYATT, ) | |
| ISRAEL CAVAZOS ) | |
| JOHN RICHARD SHANKS, ) | |
| JONATHAN M. CHAPMAN, ) | |
| TIMOTHY DOOLITTLE, AND ) | |
| JENNIFER DIANE BROWN, ) | |
| ) | |
| Defendants. ) | |

The United States of America, through its counsel, hereby moves for an order allowing the Government to maintain custody of property already in the Government's possession pending the resolution of a criminal forfeiture matter.  The grounds for the motion are as follows:

On or about April 24, 2007, Magistrate Judge Theresa A. Goldner issued civil seizure warrants pursuant to 18 U.S.C. §§ 981(a), 984 and 21 U.S.C. § 881(a)(6) based on probable cause for the following funds in two bank accounts.  On May 1, 2007, agents of the Drug

1

Enforcement Administration ("DEA") seized the following assets for the purpose of initiating civil forfeiture proceedings:

    a. Approximately $1,942.26 in U.S. Currency seized from Bank of the Sierra Account Number 2401663280 held in the name of David Chavez, Jr.; and,

    b. Approximately $22,598.63 in U.S. Currency seized from Bank of America Account Number 25562-44679 held in the name of NMC, Inc.

On or about May 1, 2007, during the execution of federal search warrants, agents seized the following:

    c. Approximately $7,112.00 in U.S. Currency seized at 229 Montalvo Drive, Bakersfield, California; and

    d. Approximately $26,074.63 in U.S. Currency seized at 323 Roberts Lane, Bakersfield, California.

Hereinafter, the above-referenced assets (a-d) are collectively referred to as the "seized assets."

In accordance with 18 U.S.C. § 983(a)(1), the DEA sent notice to defendants David Chavez, Sr. and David Chavez, Jr., Sonia Ann Chavez, and Nature's Medicinal Cooperative, Inc. of its intent to forfeit the seized assets in a non-judicial forfeiture proceeding, and caused that notice to be published in a newspaper of general circulation.

On or about June 15, 2007, defendant David Chavez, Jr., as Authorized Agent for Nature's Medicinal Cooperative, Inc., filed a claim with DEA contesting the administrative forfeiture of assets b and d above pursuant to 18 U.S.C. § 983(a)(2). On or about July 2, 2007, defendant David Chavez, Jr., as Authorized Agent for Nature's Medicinal Cooperative, Inc., filed a claim with DEA contesting the administrative forfeiture of asset c above pursuant to 18 U.S.C. § 983(a)(2). No claim has been received regarding asset a above.

///

Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90 days in which to 1) return the property to the defendant, 2) commence a civil judicial forfeiture action, or 3) commence a criminal forfeiture action by including the seized assets in a criminal indictment. On July 26, 2007, the Government elected the third option when it filed an Indictment containing a forfeiture allegation concerning the seized assets. That Indictment is now pending in this Court.

Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the Government elects the third option, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." The applicable forfeiture statutes in this case are 21 U.S.C. § 853 and 18 U.S.C. § 982. Title 18 U.S.C. § 982(b)(1) incorporates the forfeiture procedures set forth in 21 U.S.C. § 853. That statute prescribes several methods for preserving property for the purpose of criminal forfeiture.

Section § 853(f) authorizes the issuance of a criminal seizure warrant. However, in cases like this one, where the property in question is already in Government custody, it is not appropriate for a court to issue a seizure warrant directing the Government to seize property from itself. In turn, Section 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture. However, that provision is not pertinent because there is no need to enjoin the Government from disposing of property that the Government has taken into its custody for the purpose of forfeiture, and that the Government intends to preserve for that purpose through the conclusion of the pending criminal

1 case.

2     Finally, Section 853(e)(1) also authorizes a court to "take any
3 other action to preserve the availability of property" subject to
4 forfeiture.  The Government contends that this provision applies in
5 circumstances where, as here, the Government has already obtained
6 lawful custody of the seized assets pursuant to federal seizure and
7 search warrants, and the Government seeks to comply with Section
8 983(a)(3)(B)(ii)(II).  Thus, all that is required to comply with
9 Section 983(a)(3)(B)(ii)(II) is an order from this Court stating
10 that the United States and its agencies, including DEA and/or the
11 U.S. Marshals Service, may continue to maintain custody of the
12 seized assets until the criminal case is concluded.

13     Accordingly, pursuant to Section 853(e)(1), the United States
14 respectfully moves this court to issue an order directing that the
15 United States may maintain custody of the seized assets through the
16 conclusion of the pending criminal case, and stating that such order
17 satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

18 Dated:  August 8, 2007         McGREGOR W. SCOTT
                                   United States Attorney
19

20
                                   /s/ Stephanie Hamilton Borchers for
21                                 KATHLEEN A. SERVATIUS
                                   Assistant U.S. Attorney
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the Government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case. For the reasons provided in the Government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the DEA and/or the U.S. Marshals Service, are authorized to maintain and preserve the following assets until the conclusion of the instant criminal case, or pending further Order of this Court:

a. Approximately $1,942.26 in U.S. Currency seized on May 1, 2007 from Bank of the Sierra Account Number 2401663280 held in the name of David Chavez, Jr.;

b. Approximately $22,598.63 in U.S. Currency seized on May 1, 2007 from Bank of America Account Number 25562-44679 held in the name of NMC, Inc.;

c. Approximately $7,112.00 in U.S. Currency seized at 229 Montalvo Drive, Bakersfield, California; and

d. Approximately $26,074.63 in U.S. Currency seized at 323 Roberts Lane, Bakersfield, California.

IT IS SO ORDERED.

**Dated:   August 8, 2007**          /s/ Anthony W. Ishii
                                     UNITED STATES DISTRICT JUDGE